IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| DAVID STEVEN BRAUN,<br><br>                   Plaintiff,<br><br>vs.<br><br>BANK OF AMERICA,<br><br>                   Defendant. | CV 18-70-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff David Braun, appearing pro se, filed an amended complaint on December 23, 2018. The matter is presently before the Court on Defendant Bank of America's Fed. R. Civ. P. 12(b)(6) motion to dismiss Braun's amended complaint on the grounds of res judicata. For the reasons discussed, the Court recommends the motion be granted.

**I.   Introduction**

Braun has been a banking customer with Bank of America since the mid 1990s. Over the years his credit card allegedly had numerous fraudulent charges on it. In this action Braun alleges Bank of America engaged in a long history of wrongful conduct towards him relative to his bank and credit card accounts, and failed to properly address the fraudulent charges on his card.

1

Despite Braun's complaints about the fraudulent charges, Bank of America pursued a debt collection action against him in state district court in Montana in 2015. In that action, Braun asserted a counterclaim against Bank of America, but his counterclaim was dismissed.

Braun asserts Bank of America engaged in various acts of misconduct relative to both its handling of the alleged fraudulent credit card charges, and its litigation activity in the civil debt collection matter. He delineates six separate claims for relief based upon Bank of America's alleged conduct in (1) failing to contact him prior to filing its state court debt collection action, (2) making numerous phone calls to him regarding the delinquent balance on his credit card, (3) failing to provide him with records relative to his credit card account, (4) unlawfully accessing and disseminating information from his credit card account, (5) causing inaccurate and derogatory information to be placed on Braun's credit report, and (6) engaging in improper ex-parte communications with the judge presiding over the state court debt collection action.

As a result of Bank of America's conduct, Braun alleges he has sustained personal financial damages, and damage to his credit. Therefore, Braun alleges Bank of America is liable to him under various legal theories. He asserts the Court possesses jurisdiction over this action based upon diversity of citizenship under 28

U.S.C. § 1332(a).

As described herein, this is Braun's third legal challenge to Bank of America's conduct. Therefore, Bank of America moves to dismiss this action pursuant to the doctrine of res judicata.

## II.   Applicable Law – Motion to Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a motion to dismiss, a plaintiff's complaint must have sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). The court accepts all factual allegations in the complaint as true and construes the pleadings in the light most favorable to the plaintiff. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

Additionally, because Braun is proceeding pro se the Court must construe his pleading liberally, and the pleading is held "to less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520

(1972). *See also Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). In view of the required liberal construction,

> a district court should grant leave to amend even if no request to amend the pleading was made, <u>unless</u> it determines that the pleading could not possibly be cured by the allegation of other facts.

*Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (emphasis added) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

### III.   Discussion

As stated by Braun, in 2015 Bank of America commenced a legal action against him for the collection of the debt he owed on his credit card. That action was prosecuted in the Montana Eighteenth Judicial District Court, Gallatin County, captioned as *Bank of America, N.A. v. Braun*, DV-15-576B. *See Bank of America, N.A. v. Braun*, 2017 WL 3600629 (Mont. 2017) (referred to as "*Braun I*").[1] Braun states that he asserted counterclaims against Bank of America in *Braun I*, but the court dismissed those claims. The state district court granted summary judgment to Bank of America, and the Montana Supreme Court affirmed that summary judgment decision. *Bank of America, N.A. v. Braun*, 2017 WL 3600629 (Mont.

---

[1] Under Federal Rule of Evidence 201 the Court may take judicial notice of matters in the judicial record of another court, "both within and without the federal judicial system[.]" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation and quotation omitted).

2017). And furthermore, the district court's dismissal of Braun's counterclaim is rendered final.

Additionally, in 2017 Braun commenced an action in this Court against Bank of America, captioned as *Braun v. Bank of America*, CV 17-72-BU-BMM-JCL (referred to as "*Braun II*"). In that action Braun alleged Bank of America engaged in numerous acts of misconduct with respect to charges on Braun's credit card and Bank of America's efforts, including its lawsuit, to collect the debt from Braun. Upon Bank of America's motion to dismiss filed in *Braun II*, this Court dismissed the action based, in part, upon the doctrine of res judicata and Braun's counterclaims in *Braun I*. The Court also dismissed Braun's new claims advanced under the Fair Debt Collection Practices Act and 42 U.S.C. § 1983. *Braun II*, (docs. 16 & 20.) Braun appealed the dismissal to the Ninth Circuit, but the Ninth Circuit dismissed the appeal because Braun failed to pay the filing fee. And by Order entered October 23, 2018, this Court denied Braun's motions for relief from the judgment entered against him. *Braun II*, (doc. 31).

Based on the legal proceedings in both *Braun I* and *Braun II*, Bank of America moves to dismiss this action based on res judicata. For the reasons discussed, the Court concludes Defendant's motion should be granted.

With respect to the Montana Supreme Court's decision in *Braun I,* it is well-established that a federal court must give a state court judgment the same preclusive effect that the judgment would be given by the courts of the State in which the judgment was rendered. *Allen v. McCurry*, 449 U.S. 90, 96 (1980); *Mack v. Kuckenmeister, CPA, MST*, 619 F.3d 1010, 1016 (9th Cir. 2010). This rule of interjurisdictional preclusion arises from the provisions of 28 U.S.C. § 1738 which state, in relevant part, as follows:

> [J]udicial proceedings [...] shall have the same full faith and credit in every court within the United States [...] as they have by law or usage in the courts of such State [...] from which they are taken.

28 U.S.C. § 1738. *See Noel v. Hall*, 341 F.3d 1148, 1159 (9th Cir. 2003). Thus, in considering the preclusive effect of a state court judgment, section 1738 requires federal courts to apply the law of res judicata as adopted by the State from which the subject judgment emerged. *Adam Bros. Farming, Inc. v. County of Santa Barbara*, 604 F.3d 1142, 1148 (9th Cir. 2010).

The doctrine of res judicata in Montana provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." *Brilz v. Metropolitan General Ins. Co.*, 285 P.3d 494, 499 (Mont. 2012). "The doctrine is premised on the policy

6

that there must be some end to litigation." *Wiser v. Montana Board of Dentistry*, 251 P.3d 675, 676 (Mont. 2011).

Specifically, res judicata is applicable where the following circumstances exist:

> (1) the parties or their privies are the same in the first and second actions; (2) the subject matter of the actions is the same; (3) the issues are the same in both actions, or are ones that could have been raised in the first action, and they relate to the same subject matter; (4) the capacities of the parties are the same in reference to the subject matter and the issues between them; and (5) a valid final judgment has been entered on the merits in the first action by a court of competent jurisdiction.

*Brilz*, 285 P.3d at 501.

And as applied to the legal proceedings in *Braun II*, federal res judicata law similarly provides a bar against the relitigation of prior cases. Under federal law, res judicata, or claim preclusion, provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Res judicata is applicable when (1) the prior litigation and the present action involve the same claims, or when the two cases have an "identity of claims;" (2) a final judgment on the merits was entered in the prior litigation; and (3) there exists privity between the parties in the two cases. *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1052 (9th Cir. 2005) (citations omitted).

In assessing whether two litigation matters involve the same claims, a court must consider:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

*Headwaters, Inc.*, 399 F.3d at 1052.

Based upon the prior legal proceedings in both *Braun I* and *Braun II*, all of the elements of res judicata under both Montana law and federal law are satisfied. Braun and Bank of America are the same parties in all three actions, and Braun's claims against Bank of America arise from the same transactional nucleus of facts, i.e. Bank of America's conduct surrounding its handling of the fraudulent charges on his credit card and its efforts to collect the credit card debt Braun owed. Thus, the subject matter, the issues raised, and the necessary evidence in this case are all identical to those involved in both *Braun I* and *Braun II*. All claims Braun purports to assert in this case are claims that either were brought, or could have been brought against Bank of America in *Braun I* and *Braun II*. And the decisions in *Braun I* and *Braun II* are each now final. Consequently, the rights or interests finally resolved in the two prior cases would be directly impacted by further legal proceedings in this case. Therefore, the Court concludes that the doctrine of res

8

judicata under both Montana law and federal law preclude Braun's claims in this action.

## IV. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Bank of America's motion to dismiss be GRANTED, and this action be DISMISSED as barred by res judicata.

DATED this 4th day of March, 2019.

_____
Jeremiah C. Lynch
United States Magistrate Judge